UNITED STATES DISTRICT COURT        SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| AOP SUPPLY CORPORATION, | § | |
| | § | |
| Plaintiffs, | § | |
| versus | § | CIVIL ACTION H-06-484 |
| | § | |
| STEVENS AVIATION, INC., and | § | |
| NEIL MCGRAIL, | § | |
| | § | |
| Defendants. | § | |

# Opinion on Dismissal

1. *Introduction.*

A Texas corporation sued a South Carolina corporation and its Georgian officer in a Texas court. They removed the action, claiming that they have no relationship with Texas or its courts. They are right, and the action will be dismissed.

2. *Background.*

AOP Supply Corporation sells aircraft parts and sub-contracts for repairs. It is incorporated in Texas. In June 2002, it contracted with Stevens Aviation, Inc., for work on a plane. Stevens is incorporated in Delaware, and its principal place of business is in South Carolina. AOP delivered the plane to Stevens in South Carolina.

AOP had a separate contract with Pratt & Whitney Engine Services, Inc., for repair of the aircraft's engines. Although Stevens had been fully paid by August 2003, AOP had not paid Pratt & Whitney. AOP says that the chief financial officer of Stevens – Neal McGrail – told Pratt & Whitney that AOP was not going to pay for the engine repairs and allowed it to remove one of the repaired engines to secure payment. McGrail says that Pratt & Whitney would only send Stevens the engines for installation on the condition that Stevens would hold the plane until AOP paid.

AOP says that it had a letter of credit from the aircraft owner to pay for the engine repairs, but it could only draw on it *after* the plane was fully functional. Without payment from AOP, Pratt & Whitney would not return the engine. AOP says that McGrail's warning to Pratt & Whitney forced it to renegotiate the letter of credit at a loss so that it could pay *before* it took possession. AOP paid Pratt & Whitney and took possession of the aircraft and its engines in South Carolina on December 22, 2003.

AOP sued McGrail and Stevens. It claims that the court has jurisdiction over them because they are doing business in Texas and they interfered with the Pratt & Whitney contract. Stevens and McGrail dispute the court's jurisdiction.

3.   *Specific.*

AOP argues that the court has specific jurisdiction over Stevens because its sales representative gave his card to AOP's president at a convention in Dallas in September 1997. It is wrong. Its claims against Stevens have no substantial relationship to a conversation that happened five years earlier and led to nothing about this contract. Although Stevens has had four other projects for AOP, they were unrelated to this lawsuit.

Even if they were related, the exercise of the court's power over Stevens on that basis would be unfair to McGrail and Stevens. Assuming that the contract could have been formed in Texas, South Carolina still has a greater relationship because it was performed there. AOP took the aircraft to South Carolina. It agreed that Pratt & Whitney would deliver the plane's engines that it repaired in West Virginia to South Carolina. Texas is related to the lawsuit only because AOP is here; Stevens could have had no reasonable expectation of being forced to defend a lawsuit in Texas.

AOP's claim that McGrail interferred with the Pratt & Whitney contract also does not give the court specific jurisdiction over him. AOP's contract with Pratt & Whitney was formed between West Virginia and Texas, and it was performed in West Virginia and South Carolina. McGrail's only connection with this court is AOP's lawsuit.

4.   *General.*

Stevens has only limited contacts with Texas and McGrail has none. McGrail is employed by Stevens in South Carolina and lives in Georgia. Even if he has interfered with the contract between AOP and Pratt & Whitney, his single act is not enough for general jurisdiction.

Stevens does not have enough of a business presence in Texas for general jurisdiction. Although it has contracts with another Texas company, it works on that company's aircraft at its South Carolina facilities. It has a contract to distribute for a third Texas company in the future, but the distribution has not yet occurred.

It participated in a national trade exposition in Dallas in and its president attended a meeting for industry executives in Dallas in 2005. It exhibited at a national forum in Dallas in April 2006 *after* AOP sued. Sporadic appearances in Texas at national conferences also do not support general jurisdiction.

Stevens does not advertize in Texas. Texas Jet, a Fort Worth company, and Stevens are listed on the same page on a web site sponsored by an out-of-state entity. Their proximity on it is not a contact.

5. *Conclusion.*

The court has no jurisdiction over Stevens and McGrail. The action is dismissed. The statute of limitations is tolled until July 16, 2006, so that AOP can re-file in South Carolina.

Signed June 16, 2006, at Houston, Texas.

_____
Lynn N. Hughes   USDJ
United States District Judge